The next case this morning is number 520042, People v. Jackson. Arguing for the appellant, Juwan Jackson, is Christina O'Connor. Arguing for the appellate, People of the State of Illinois, is Trent Marshall. Each side will have ten minutes for the argument. The appellant will also have five minutes for rebuttal. Please note only the clerk is permitted to record these proceedings. Good morning. Good morning. Ms. O'Connor, would you like to begin? Yes, Your Honor. Thank you. May it please the court. Counsel, my name is Christina O'Connor. I am an assistant appellate defender at the Office of the State Appellate Defender, and I represent Mr. Juwan Jackson in this matter. This case involves two issues regarding counsel's representation of Mr. Jackson's motion to withdraw guilty plea. First, counsel failed to strictly comply with Illinois Supreme Court Rule 604D, and second, alternatively, failing to adequately present the claim that Mr. Jackson has a defense worthy of consideration. Therefore, this court should reverse and remand the denial of Mr. Jackson's motion to withdraw guilty plea, or in the alternative, allow Mr. Jackson to withdraw his plea and have the opportunity to plead anew. In this case, Mr. Jackson pled guilty to one count of first-degree murder and later filed a pro se motion to withdraw his plea. Mr. Jackson stated that he was not fully advised of his appeal rights, and his plea was due to plea counsel's inadequate representation. Counsel was appointed. Counsel chose to amend the motion and added several new claims, including that Mr. Jackson's plea was taken due to a misapprehension of the facts. There is a doubt as to his guilt. There were two witnesses, Linda Castillo and Latoya Rogers, who would have provided exculpatory evidence in this case, and that plea counsel failed to consider those witnesses when advising Mr. Jackson to take the plea. Rule 604D requires that counsel attach any affidavits or make amendments to the motion that are necessary for the adequate presentation of Mr. Jackson's claims, and this rule requires strict compliance. The majority of Mr. Jackson's arguments hinged on there being a doubt as to his guilt. All of counsel's claims were conclusory, meaning that he did not explain the claims, and he failed to attach any supporting documents or affidavits. In fact, in the state's response to counsel's amended motion to withdraw a guilty plea, they argued the claims counsel added were conclusory, devoid of sufficient details, and not specific. However, counsel did file a compliant Rule 604D certificate in this case. While counsel may not have been required to attach affidavits to the motion, because specifically Castillo and Latoya's statements are included in the record, it did not excuse counsel from failing to state what Mr. Jackson's defense worthy of consideration actually is. It was not the trial court's duty to parse through the record and try to figure out what Mr. Jackson's defense worthy of consideration is actually. I mean, that was counsel's job, and that was why counsel was appointed. The reason behind Rule 604D is so that the trial court can hear all of Mr. Jackson's claims and be able to make factual findings so that it also limits issues on appeal. For example, if I had done the same thing on this appeal that counsel did and just stated that Mr. Jackson has a defense worthy of consideration without any further explanation, this court would have considered the argument forfeited, and I would have been ineffective. It doesn't make any sense to require anything different below, especially when Rule 604D specifically requires adequate presentation of Mr. Jackson's claims. At the motion to withdraw hearing, counsel asked plea counsel about Castillo and Latoya's statements, actually used those statements to refresh counsel's recollection of whether or not they would have been helpful to Mr. Jackson's case, but failed to introduce the statements, failed to really go into detail about what the contents of the statements are, or direct the court on where to find them in the record. Counsel actually said, when talking about Latoya's statements, in the question he said, without getting into the sum and substance of Latoya's statement, and that can be found on the report of proceedings, page 351. So counsel actually tried to prohibit, or not try to prohibit, but tried to bring in what the contents of the statements actually were when talking to plea counsel on whether or not he believed they would have been helpful for Mr. Jackson. And this failure occurred both in the amended motion and at the hearing. So therefore, Mr. Jackson, counsel failed to strictly comply with Rule 604D in that regard. Additionally, Mr. Jackson actually has a defense worthy of consideration, and counsel is ineffective for failing to support that. Important to note, during the factual basis for the plea, the state stated that, while acting in concert with others, Mr. Jackson was armed with a semi-automatic rifle and pistol, and participated in a volley of shots fired from the car, which resulted in Detrick's death. This is not rebutted by what Mr. Jackson is stating his defense worthy of consideration is. During the hearing, plea counsel stated that he believed Mr. Jackson has a self-defense claim, and that a jury would have likely found him guilty of second-degree murder based on an unreasonable belief of self-defense, which is supported by plea counsel filing affirmative defenses before the plea took place. Furthermore, a short time after the shots were fired, Mr. Jackson drove his black vehicle to Patrice Houston's house and stated and told her that he needed a ride away from the area. And excuse my language, I'm just saying from what the record says that he had fucked up. They shot at him first, and he thought he had killed someone but did not mean to. Furthermore, there are inconsistencies with what actually started the events leading up to what caused the shooting. The day before the shooting, Terry and Shanklin talked about robbing Mr. Jackson, which Mr. Jackson was warned about. Then later that day, while Mr. Jackson was with a group of people, Terry drove by them and did a shooting motion towards Mr. Jackson. There was an instance at an IHOP where Terry had slapped Mr. Jackson in the face. Additionally, there was a claim that the afternoon before the shooting, Mr. Jackson and Turner came up to Detrick and a few other people, and Mr. Jackson stuck a gun into Detrick's face and said that this would end tonight. Additionally, there was a video of the drive-by shooting that took place, but that was not included in this record. The state mentions that there are some claims that this actually would have been harmful to Mr. Jackson's position, but at the same time, during the motion to withdraw hearing, and this could be found on the report of proceedings page 345, that plea counsel stated that the video was not good quality. All you could tell was that a car was pulled up to the scene and you could hear gunshots, but other than that, it didn't really show much. So the purpose of Rule 604D is to make sure that people like Mr. Jackson have counsel properly present all of their claims so the trial court can make actual factual findings and limit issues on appeal. In this case, the record rebuts the presumption that counsel strictly complied with the requirements of Rule 604D. Alternatively, counsel was ineffective where he failed to adequately present the claim that Mr. Jackson has a defense worthy of consideration. Therefore, this court should reverse and remand the denial of Mr. Jackson's motion to withdraw a guilty plea, or in the alternative, allow Mr. Jackson to withdraw his plea and have the opportunity to plead anew. Does this court have any questions? Justice Welch? No questions. Justice Barberis? No. Okay, does that conclude this portion of your argument, Ms. O'Connor? Yes, Your Honor. All right. Mr. Marshall? Yes, Your Honor. Mr. Grady? Thank you. Are there any questions before I begin? None. First, I want to clarify a factual assertion that I included at the bottom of page two, top of page three. Counsel referenced it, indicated that the defendant drove his black Lincoln from Shoemaker back to Patrice Houston's house afterwards. I think he parked before and ran back to the car after the shooting, but that wasn't clear from the plea record. Many things aren't clear from the plea record. Turning to the defendant's reply brief, page five, she suggests that the trial court should not have considered the evidence that was presented at Cortez Turner's trial, but there was no evidence. Nothing suggested the trial court, when it deliberated, considered anything outside of the record. It was just the state's evidence. The defendant says the evidence was not introduced during this case, but it was introduced during this case, being 16 CF 466. It just wasn't introduced against the defendant because he pled guilty. It was still relevant. It was at the hearing on the motion withdrawal guilty plea. It's clear all the parties had a working knowledge of the evidence at that trial. They discussed it. The trial court was obviously familiar with it. Trial judge didn't say, I'll take judicial notice of this, but it was the same case again. It was all the same case. It was all there mingled. The defendant here just took a different route, which I think ultimately proved advantageous to him. Let me stop you for one second, if I can, going back to the first factual dispute with regard to Black Lincoln. Is there any indication of how much time elapsed from the time the Black Lincoln was parked and then him running back to it? Because I thought there was evidence that when the police discovered the vehicle, it was warm to the touch and they found the semi-automatic rifle and the brush pile near it. Does that indicate that he parked the car, got in another vehicle, went in, the shooting took place, he ran back to his car very quickly? That is what you just said. That's the best that I can say. Yes, that's what I would suppose. There are a few gaps. I looked at the record in Cortez Turner. I got notes from it, but I was just trying to deal with this record. That was still one of the questions. It happened pretty quickly, I think. From the time he parked it, and then the shooting, and then him running back. Him running back, ditching the rifle, copying the ride from Patrice, and then getting another ride eventually out of state, and then they found him in Decatur. Okay. All right, thank you. You're welcome. Also, on page six of the reply brief, the defendant indicates that Turner and his defenses were antagonistic. I'm not sure that's the case, because the defendant never lodged one, so it's hard to say what he was going to do. Cortez Turner did not throw the defendant under the bus. He maintained, I was just walking down the street on my phone and I caught a stray around. He didn't implicate anyone. He said, Cleo must have misidentified me as being in the car. I'm not sure that would have precluded. Another point on that. Again, on page 1011, the defendant says, the state is requesting this court consider evidence that was not presented to the trial court in this case. It was presented to the trial court in this case. It was just presented at the co-defendant's trial. I don't know how the trial court could have better evaluated whether the defendant had a defense worthy of consideration. It had to compare it against something that would be the state's evidence. On appeal, it seems that the defendant wants to retry his case on paper. He shouldn't just be able to say, look at this. If this were in the trial court, I could probably rely on some better rules like Supreme Court Rule 212. That's for depositions. Illinois Rule Evidence 106, Completeness Doctrine. The whole thing should be considered. That's what the trial court had before it. How do we know what the trial court did in that regard? You can read the tea leaves of, like I said, the discussion at the hearing. Everyone's on board with what's going on. After Cortez's trial, the defendant filed a motion to disqualify Cleo as a witness, saying, hey, he just testified and he was under the influence of cocaine and lean. The trial court, in its order, if I recall correctly, said, yeah, well, I just presided over that trial and you can bring it up. I'm not going to disqualify him. When these cases were going on the same direction, the trial court, in my opinion, it had to have been referring to everything that had happened before. It had to have been thinking of its own knowledge of the case. Otherwise, it wouldn't have had anything to do with it. But the record is not clear on that. The trial court did not ever say, at the beginning of the hearing, I hereby take judicial notice of the fact that I personally presided over his co-defendant's bench trial and found him guilty and familiar with the evidence. But since it is the same case, being 16 CF 466, I'm not even sure if the court would have to do that. I was trying to think of an example. And protracted litigation, case goes on for years. I take judicial notice of the fact that I denied your motion to suppress six months ago. Probably just say I denied your motion to suppress six months ago. But it was all still, we're all still dealing with the same case, 16 CF 466. What about the defendant's claim of ineffective assistance of counsel for failure to present a defense worthy of consideration? I think the defendant's problem was with the quality of the evidence that he has. I don't think Mr. Burrell could have done anything more than what Mr. Burrell did. I mean, I guess he could have. They were in the record. Again, everyone was familiar with it. His theories would not have worked. I can about guarantee you that. The ballistics wouldn't have supported it, especially the one that the victim's brother accidentally shot him. That would not have had any wings at all. And the self-defense claim, full self-defense I don't think would have worked at all. Imperfect self-defense, maybe. But that still would require the jury to ignore that an hour before this, no matter what happened at the IHOP, the defendant walked up to the victim, put handguns in his face and said, this ends tonight. And then an hour later, it ended. I probably went afield of your question. I'm sorry. Well, it seems to me that if you admit that or concede that there might have been an opportunity for him to have some sort of defense, that that's prejudice. Then the defendant meets his burden of showing that there was ineffective assistance of counsel. Am I wrong or right about that? I'm not sure. Well, if there was in fact a viable defense of self-defense, then perhaps. But if that were the case, he wouldn't have pled guilty. I submit. He had to benefit. I think the manna from heaven for him is when Burrell had to withdraw because that put him approximately six or seven months behind his co-defendant. He could sit back and watch, get a preview of the state's evidence against him. He was able to negotiate a factual basis that did not put the gun in his hand or did not put the fatal round coming from his hand. So we avoided the 25 year add on. But for the trial court to consider and for this court to consider, I would submit whether he does in fact have a defense worthy of consideration, requires the examination of the state's evidence and compare it to what he has. And he has some hearsay and some suggestions that maybe the victim's brother shot the victim. But again, the ballistics would not have supported that. The circumstances wouldn't have supported that. Lastly, perhaps I made the wrong request all along asking you to take judicial notice of it. Supreme court rule 366 A3 matters that should have been included in the record. Record could be amended. Perhaps I should have made a request for that. Seems like it would lead to the same thing, perhaps just asking you to take judicial notice of the trial in Cortez's Turner's case, this case 16 CF 466, because that had to been what the trial court based its decision on, based its ruling on. Are there any other questions? Justice Welch? No questions. Justice Bergmaers? I don't know. I guess not, Mr. Marshall. Okay, hey, thank you for your time. All right, thank you. Ms. O'Connor? Yes, Your Honor, thank you. So first, just to note, I think the state is making a few arguments and mentioning some rules of evidence in our Supreme Court rules that it did not mention in its response brief. So I do not believe that is properly before this court. First, so the state says that the defenses were not antagonistic. Cortez Turner was a co-defendant. They were both charged with the murder of Detrick in this case. And from what my understanding is, is that Cortez Turner was found guilty of conspiracy, and he was not the shooter, as the state was saying that Mr. Jackson was. So I would argue that these are antagonistic defenses. Additionally, there was no evidence that the trial court took judicial notice of Cortez Turner's bench trial. While there were very few portions, I think that Mr. Turner's sentencing hearing was included in the record, and I'm not really sure why. And then there was that motion to disqualify Cleophus Gaines, and so there was a portion of his testimony that was included by defense counsel. Neither counsel nor the state at the motion to withdraw hearing really made arguments about what came out at Cortez Turner's bench trial. So for this court to now take judicial notice of that case, that I believe would be improper under the case law and the rule. So Illinois Supreme Court Rule 201B states that a judicially noticed fact may not be subject to reasonable dispute, either that is generally known within the territorial jurisdiction of the trial court, or it is capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned. I don't believe that witnesses who testify in a co-defendant's trial, especially where Mr. Jackson did not have the opportunity to cross-examine them or present his own evidence, would be accuracy that cannot reasonably be questioned. Furthermore, as this court held in People v. Barham, it is well established that the concepts of fair play require all parties to in action be given fair opportunity to confront and rebut any evidence which might be damaging to their position. So reviewing courts will not take judicial notice of critical evidentiary material that was not presented to and not considered by the fact finder during its deliberations. So in this case, while the trial court was the same judge who heard Cortez-Turner's bench trial, that does not necessarily mean that the judge used that information in this case to determine Mr. Jackson's motion to withdraw guilty plea. In fact, that would be improper because there were no arguments about that below. Furthermore, because counsel chose to file an amended motion to withdraw guilty plea and add these new claims, including the defense worthy of consideration, that means that counsel believed it to have merit. And Mr. Jackson said during the motion to withdraw guilty plea that he did not know about the contents of Castillo and Latoya's statements. If he had known about those statements and what they actually said, then that would have changed his mind on him pleading guilty. While plea counsel stated that he believed he showed those statements to Mr. Jackson, Mr. Jackson's response to that didn't really dispute that he said that plea counsel told him about there were statements, but that he would tell him more about them during the next time he saw them. And then the next time that he saw them was actually when he was presented with the plea offer and had about an hour or two to decide whether or not to take it. So nothing really Mr. Jackson's claim that he was not aware of those statements. Is there any questions from the court? Justice Welch? No question. Justice Barberas? None. I have none either. Ms. O'Connor, does that complete your argument from the defendant? Yes, Your Honor. Thank you. And we just again ask the court to reverse and remand the denial of Mr. Jackson's plea to withdraw guilty plea or in the alternative allow him to have the opportunity withdraw his plea and plead anew. Thank you. All right. Thank you both for your arguments. This matter will be taken under advisement. We will issue an order in due course. Have a great day. Thank you. You too.